UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYRTLE DAWKINS,

    Plaintiff,

v.                        CASE NO. 8:04-CV-0005-T-17TBM

BELLSOUTH TELECOMMUNICATIONS,
INC.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 6 Motion to Dismiss
Dkt. 8 Response
Dkt. 9 Notice

The Court regrets the long delay in the disposition of the pending motions in this case, which was occasioned by the demands of the criminal docket.

This case is a complaint for violation of the Florida Civil Rights Act, S. 760, Fla. Stat. Plaintiff alleges that Defendant retaliated against her for seeking an accommodation due to her disability, and seeks compensatory and punitive damages.

Plaintiff was employed by Defendant from July 2, 1979 until August 3, 1998. The Court notes that Plaintiff filed a previous case based on Plaintiff's employment with Bellsouth Telecommunications, Inc., Case No. 8:99-CV-295-T-17EAJ. In that case Plaintiff asserted a violation of the Florida Civil Rights Act based on denial of reasonable accommodation for Plaintiff's disability and retaliation (Dkt. 16). Plaintiff sought a

Case No. 8:04-CV-55-T-17TBM

declaratory judgment and an injunction, as well as back pay and benefits, front pay, compensatory damages and punitive damages. Defendant's Motion to Dismiss was granted (Dkt. 25), and a judgment was entered in favor of Defendant on June 8, 1999. The decision was affirmed on appeal (Dkt. 44).

After the dismissal of Case No. 8:99-CV-295-T-17EAJ, Plaintiff filed a second charge of discrimination with the EEOC and the FCHR on June 16, 1999, alleging discrimination based on disability and retaliation. Plaintiff filed a request with the FCHR, Division of Administrative Hearings, for a hearing on the initial charge. The Administrative Law Judge dismissed Plaintiff's claim because the lawsuit divested the FCHR of jurisdiction. Plaintiff appealed the ruling to the FCHR, which affirmed dismissal.

I. Defendant's Motion to Dismiss

Defendant seeks the dismissal of this case because res judicata bars this case. In order for the doctrine of res judicata to apply, four elements must be present:

> (1) There must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

See Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988). The doctrine extends to the claims raised in the previous litigation, but to all claims arising out of the same "operative nucleus of facts." Id. At 1468.

2

Case No. 8:04-CV-55-T-17TBM

    Defendant argues that all four elements of res judicata are present in this case.  This Court is a court of competent jurisdiction, a final judgment on the merits was issued in Case No. 8:99-CV-295-T-17EAJ, the parties are identical, and the claims in both cases arise from the same set of facts, the allegedly discriminatory denial of accommodation and subsequent retaliation.

    Defendant also argues that Plaintiff's claims are barred by Florida's four-year statute of limitations.  Plaintiff last worked for Bellsouth on August 3, 1998.  Plaintiff filed the second charge with the FCHR on June 16, 1999.  The FCHR did not make a reasonable cause finding during the next 180 days, and therefore the four-year statute of limitation applies.  See Joshua v. City of Gainvesville, 768 So.2d 432, 433 (Fla. 2000).  Defendant argues that the last possible date on which Plaintiff could have filed suit on the second charge was August 3, 2002, four years after Plaintiff last worked for Bellsouth.

    Defendant further argues that the doctrines of equitable tolling and estoppel do not apply to the facts of this case.  Plaintiff has not alleged any misconduct by Defendant that would justify equitable tolling.

II.  Plaintiff's Response

    Plaintiff argues that res judicata does not bar her claim in this case because after the dismissal of Case No. 8:99-CV-295-T-17EAJ, Plaintiff was terminated from her employment with Defendant in retaliation for requesting accommodations and complaining about the failure to accommodate.

3

Case No. 8:04-CV-55-T-17TBM

    Plaintiff argues that a second identical claim is not barred by the doctrine of res judicata when there have been subsequent changes in the law which effect the result of the first claim. Plaintiff argues that the ruling of the Florida Supreme Court in <u>Woodham v. Blue Cross and Blue Shield</u>, 829 So.2d 891 (Fla. 2002) applies:

> "[W]e hold that the EEOC dismissal and notice of rights form in this case does not satisfy the requirements of a "no cause" determination under section 760.11(3) and (7). Without having received a proper "no cause" determination, Woodham was not required to make the subsection (7) request for an administrative hearing within 35 days. Rather, Woodham was permitted to proceed under subsection (4) "as if the FCHR made a 'reasonable cause' determination, because the FCHR failed to make a determination either ways regarding whether reasonable cause existed. See s. 760.11(8)

Plaintiff argues that res judicata is not a defense where between the time of the first judgment and second there has been an intervening decision or a change in the law creating an altered situation. <u>State Farm Insurance v. Duel</u>, 324 U.S. 154 (1945).

    Plaintiff also argues that the four-year statute of limitations does not apply to this case. In this case, the FCHR issued a "cause" finding on December 27, 2002, and Plaintiff commenced her lawsuit on November 26, 2003.

4

Case No. 8:04-CV-55-T-17TBM

III. Discussion

A. Res Judicata

In <u>Manning v. City of Auburn</u>, 953 F.2d 1355 (11th Cir. 1992), the Eleventh Circuit Court of Appeals explains the correct application of res judicata to discrimination claims:

> "The scope of litigation is framed by the complaint at the time it is filed. The rule that a judgment is conclusive as to every matter that might have been litigated 'does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated.'" <u>Los Angeles Branch NAACP v. Los Angeles Unified School Dist.</u>, 750 F.2d 731, 739 (9th Cir. 1984)(citations omitted).
>
> Put differently, we do not believe that the res judicata preclusion of claims that "could have been brought" in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation. Instead, we believe that, for res judicata purposes, claims that "could have been brought" are claims in existence at the time the original complaint is filed[9], or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action. Our decision avoids the "potentially unworkable requirement that every claim arising prior to entry of a final decree must be brought into the pending litigation or lost." (Citation omitted).

5

Case No. 8:04-CV-55-T-17TBM

> Fn. 9 These claims should ordinarily be
> brought in the original complaint.  When
> events occurring before the date of the
> original pleading are discovered after it is
> filed, the original pleading can be amended.
> In either case, failure to advance such
> claims in the original action would seem to
> bar their relitigation in a second suit."

Case No. 8:99-CV-295-T-17EAJ was filed in state court on 1/5/1999 and was removed to this Court on 2/8/1999.  The original Complaint was in two Counts.  Count I was a claim for violation of the Americans with Disabilities Act, and Count II was a claim for violation of the Florida Civil Rights Act, including harassment on the basis of disability, denial of reasonable accommodation, and adverse employment action toward Plaintiff after Plaintiff engaged complained to management about the disability discrimination (Dkt. 2, p. 8, pars. 52-55).  Plaintiff had filed a Charge of Discrimination with the EEOC and the FCHR on March 3, 1998, and a Notice of Right to Sue was issued on September 30, 1998, and received on October 3, 1998.  The Complaint includes a statement of Defendant's course of conduct toward Plaintiff from July 2, 1979 until October 3, 1998.

Case No. 8:04-CV-05-T-17TBM was filed in state court on November 26, 2003, and removed on January 5, 2004.  The Complaint encompasses Defendant's course of conduct from July 2, 1979 until some time after August 3, 1998.  In par. 23 (Dkt. 2), Plaintiff alleges that Plaintiff was terminated from employment with Defendant, but does not state a particular date of termination. The Determination of December 27, 2002, attached to the Complaint, refers to a claim for adverse employment action in the form of harassment, failure to accommodate and forced resignation (constructive termination).  Generally, constructive termination

6

Case 8:04-cv-00005-EAK-TBM   Document 16   Filed 06/22/06   Page 7 of 8 PageID 139

Case No. 8:04-CV-55-T-17TBM

involves a course of intolerable harassing conduct over a period of time, e.g. Bell v. Crackin Good Bakers, 777 F.2d 1497 (11th Cir. 1985).

In her Response, Plaintiff argues that Plaintiff was terminated from employment after the dismissal of Case No. 8:99-CV-295-T-17EAJ (June 8, 1999.) Plaintiff further argues that the Dawkins I Complaint mentions nothing regarding Plaintiff being terminated from her employment in retaliation for requesting accommodations, and complaining about Defendant's failure to accommodate her.

The Court notes that both Complaints cover the same time span and same conduct. The facts of both are the same. Plaintiff alleges "adverse employment action" in Dawkins I, without any specific reference to constructive termination. In par. 22 (Dkt. 2), Plaintiff alleges that her physician placed her off work on August 3, 1998, and there is no allegation that Plaintiff worked after that date. Since the second Complaint is based on the alleged constructive termination, the Court concludes August 3, 1998 is the date of Plaintiff's termination of employment.

B. Intervening Change in the Law

The judgment rendered in Case No. 8:99-CV-295-T-17EAJ became final after appeal on March 29, 2001. On October 10, 2002, the Supreme Court of Florida rendered its decision in Woodham v. Blue Cross and Blue Shield, 829 So.2d 891 (Fla. 2002). A change in the law does not mean that a final judgment is no longer final. Theisen v. Old Republic Insurance Co., 468 So.2d 434 (Fla. 5th

7

Case No. 8:04-CV-55-T-17TBM

DCA 1985), citing <u>Plymouth Citrus Products Co-Op v. Williamson</u>, 71 So.2d 162 (Fla. 1954). The Court notes that no Rule 60 motion was ever filed.

C.  Statute of Limitations

The Court notes the Plaintiff and Defendant have different opinions as to this issue. The Court has ruled that res judicata bars Plaintiff's claim and therefore it is not necessary for the Court to rule as to the statute of limitations issue. Accordingly, it is

ORDERED that the Motion to Dismiss is **granted**, and the Clerk of Court shall enter judgment for Defendant.

DONE and ORDERED in Chambers, in Tampa, Florida on this 22nd day of June, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record